UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CARLTON E. BAILEY,

    Plaintiff,                                              CASE NO.:

vs.

GK, LLC,
a Florida Limited Liability Company,
d/b/a UNLIMITED AUTO WASH CLUB,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CARLTON E. BAILEY (hereinafter "BAILEY"), by and through the undersigned Counsel, and sues the Defendant, GK, LLC, a Florida Limited Liability Company, d/b/a UNLIMITED AUTO WASH CLUB (hereinafter "GK"), and alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's related claim arising under the Florida Worker's Compensation Law, Fla. Stat. § 440.205, pursuant to 28 U.S.C. § 1367.

1

4. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

5. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

6. At all times material hereto, BAILEY was a resident of Indian River County, Florida, but commuted to work in Palm Beach County, Florida, while an "employee" of GK as defined by the FLSA.

7. At all times material hereto, GK was duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 4109 Northlake Boulevard, Palm Beach Gardens, Florida 33410, wherein it provided and continues to provide car wash and other automotive services to customers throughout the county, with annual gross sales and/or business volume of $500,000 or more. In the advancement of its business, GK engaged in and continues to engage in interstate commerce.

8. GK controlled BAILEY's duties, hours worked, and compensation. Accordingly, GK was BAILEY's "employer" as defined by the FLSA.

## GENERAL ALLEGATIONS

9. Plaintiff BAILEY was employed as a General Manager by GK from on or about August 2014 through July 29, 2019, earning $1,100.00 per week.

10. Throughout his employment with GK, BAILEY exhibited exemplary job performance.

11. On July 17, 2019, while on the job, BAILEY slipped approximately three feet off a ladder and landed on his right leg, resulting in a work-related injury to his right knee.

12. On July 18, 2019, BAILEY sought medical treatment at the Sebastian River Medical Center. He was instructed to wear a knee brace, to use crutches to move around, to not bear any weight on his right leg, and to avoid heavy lifting. BAILEY was placed on no-work status until July 23, 2019.

13. Thereafter, BAILEY submitted a claim with GK's worker's compensation insurance carrier for his July 17, 2019 work-related injury.

14. On July 22, 2019, BAILEY treated with an orthopedist who placed him at no-work status for five days with instructions to return to work on July 29, 2019 at light-duty status only with the use of his knee brace and crutches at all times during work hours.

15. On July 29, 2019, when BAILEY returned to work, he was terminated from his employment with GK under the guise of "Failure to Meet Performance Expectations."

16. What is more, GK failed to pay BAILEY his full and proper minimum wages for certain hours worked during his employment.

17. Specifically, GK failed to pay or otherwise withheld from BAILEY his earnings for the period starting on July 10, 2019 and ending on July 16, 2019. BAILEY is owed his total gross pay of **$1,100.00** for one week's worth of work, plus liquidated damages.

18. GK has knowingly and willfully refused to pay BAILEY his legally entitled wages.

19. BAILEY has retained the services of the undersigned Counsel and is obligated to pay for the legal services provided.

**COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**

20. Plaintiff BAILEY realleges and incorporates the allegations in paragraphs 1 through 19 above as if fully set forth herein.

21. Under the Fair Labor Standards Act, every employer shall pay wages to each of his employees who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

22. "Any employer who violates the provisions of Section 206 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

23. BAILEY brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) unpaid minimum wages as listed above, and (b) liquidated damages.

24. BAILEY seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CARLTON E. BAILEY, demands judgment against Defendant, GK, LLC, a Florida Limited Liability Company, d/b/a UNLIMITED AUTO WASH CLUB, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

**COUNT II – VIOLATION OF FLORIDA WORKER'S COMPENSATION LAW**
**(FLA. STAT. § 440.205)**

25. Plaintiff BAILEY realleges and incorporates the allegations in paragraphs 1 through 19 above as if fully set forth herein.

26. BAILEY, by his above-described conduct, was acting in a way consistent with the procedures for seeking worker's compensation benefits under Chapter 440, Florida Statutes.

27. BAILEY's worker's compensation claim is a valid claim.

28. Florida Statute Section 440.205 states, "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

29. After BAILEY filed a valid worker's compensation claim, GK retaliated against him by terminating his employment, in violation of the Florida Worker's Compensation Law, Florida Statute § 440.205.

30. GK wrongfully and unlawfully discharged BAILEY for the purpose of retaliating against him for pursuing a valid worker's compensation claim, in violation of BAILEY's rights under § 440.205 and Florida common law.

31. BAILEY has suffered direct pecuniary losses, including lost wages, and will suffer future pecuniary losses as a direct result of GK's above-described violations of Florida Statute § 440.205.

32. BAILEY has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of GK's violation of Florida Statute § 440.205.

33. BAILEY is currently unable to work.

34. Due to irreconcilable differences, reinstatement is impossible.

WHEREFORE, Plaintiff, CARLTON E. BAILEY, respectfully requests that this Court: (a) declare GK's conduct to be in violation of Florida Statute § 440.205; (b) enjoin GK from engaging in such conduct in the future; (c) award the equitable remedy of back pay and front pay

in lieu of reinstatement; (d) award compensatory damages to BAILEY; (e) award attorney's fees and costs to BAILEY; and (f) grant such further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff, CARLTON E. BAILEY, demands a trial by jury on all issues so triable.

Dated October 17, 2019.

Respectfully submitted,

**The Law Office of Gregory S. Sconzo, P.A.**
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33408
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
ANDREA C. SCONZO, ESQUIRE
Florida Bar No.: 0105578
**Email:** greg@sconzolawoffice.com
**Email:** andrea@sconzolawoffice.com